IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LENNIE T. DAVIDSON,

        Plaintiff,         Civil No. 10-575-BR

        v.              ORDER

MAX WILLIAMS, et al.,

        Defendants.

BROWN, Judge.

    *Pro se* Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in which he challenges the conditions of his confinement.  Currently before this court is defendants' Un-enumerated 12B Motion to Dismiss (#25) based on plaintiff's alleged failure to exhaust his administrative remedies.

    The Ninth Circuit has determined that inmates are entitled to notice under *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) before being required to respond to a motion to dismiss for failing to exhaust administrative remedies.  *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  Due to a clerical error,

1 - ORDER

Plaintiff was not previously provided this notice.  Accordingly,

Plaintiff is ADVISED as follows:

**NOTICE - WARNING**

***This Notice is Required to be Given***
***to You by the Court***


        Defendants have filed an unenumerated Motion to Dismiss
pursuant to Fed. R. Civ. P. 12(b) based on your alleged
failure to exhaust your administrative remedies.  Such a
motion, if granted, will end your case.

        When a party you are suing makes such a motion to
dismiss for failure to exhaust that is properly supported by
declarations (or other sworn testimony), you cannot simply
rely on what your complaint says or make general allegations
about what you may be able to prove.  Instead, you must set
out specific facts in declarations or other authenticated
documents, that contradict the facts shown in the defendants'
declarations and documents.  If you do not submit your own
evidence in opposition, and the defendants' evidence
establishes that you did not exhaust your administrative
remedies, defendants' motion to dismiss will be granted and
your case will be dismissed.

<u>CONCLUSION</u>

    The  Court  is  in  receipt  of  Plaintiff's  Response  to

Defendants'  Motion.   Nevertheless,  Plaintiff  is  allowed  until

February 11, 2011 to submit any additional evidence in response to

defendants' Motion to Dismiss (#25).  Defendants are allowed until

February  25,  2011,  to  respond.   Defendants'  Unenumerated  12(B)

Motion  to  Dismiss  is  taken  UNDER  ADVISEMENT  February  25,  2011.

    IT IS SO ORDERED

    DATED this <u>20</u><sup>th</sup> day of January, 2011.


                    /s/ Anna J. Brown
                   ANNA J. BROWN
                United States District Judge



    2 - ORDER